Argued and submitted January 28, 2020, affirmed September 15, 2021

In the Matter of C. G. T.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

C. G. T.,
*Appellant.*

Marion County Circuit Court
17JU07483; A167621

495 P3d 698

Cheryl A. Pellegrini, Judge.

Christa Obold Eshleman argued the cause and filed the briefs for appellant.

Jennifer Lloyd argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Youth appeals a judgment adjudicating him for an act that, if committed by an adult, would constitute unlawful use of a vehicle, ORS 164.135, and imposing restitution. Youth took his mother's car without permission. While youth rode in the car, another youth, whom youth allowed to drive, crashed into another car, damaging both vehicles. Youth contends that the court erred in ordering restitution for damages caused by the crash, because the crash was not a reasonably foreseeable result of his act of taking the car without permission. The state contends that youth failed to preserve his argument about reasonable foreseeability; on the merits, the state contends that the court did not err. Having reviewed the briefing, the relevant portions of the record, and the applicable law, we agree that youth did not preserve the argument he makes on appeal, and we affirm.

A more detailed discussion of the facts and our analysis in this case would not significantly benefit the bench, the bar, or the public. Briefly, however, we observe that, before the juvenile court, youth raised the issue of causation and argued that, given the undisputed and very basic facts before the court, that question was purely a matter of law. By contrast, on appeal, youth's argument about causation would require an in-depth evaluation of the facts. Youth's argument to the juvenile court failed to notify either the court or the state that the court's evaluation of causation required a very fact-specific inquiry; as a result, the factual record was not adequately developed for our review, and the purposes of preservation were not served. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (among other things, "preservation fosters full development of the record, which aids the trial court in making a decision and the appellate court in reviewing it"). Accordingly, we affirm.

Affirmed.